OPINION
{¶ 1} Travis L. Greathouse appeals from a judgment of the Greene County Court of Common Pleas, which convicted him of grand theft auto upon his guilty plea, and sentenced him to eleven months of incarceration.
 {¶ 2} The prosecutor's statement of facts established that, on May 30, 2003, Greathouse had borrowed a car from someone in Xenia with that person's permission. The owner of the car understood that Greathouse would go to Dayton to get some clothing and then would return. The car was not returned.
 {¶ 3} Greathouse was charged with grand theft auto, in violation of R.C. 2913.02(A)(3). In exchange for his guilty plea, the state agreed not to oppose a sentence of community control with drug treatment and restitution. The trial court sentenced him to an eleven month term of incarceration.
 {¶ 4} Greathouse raises one assignment of error on appeal.
 {¶ 5} "The trial court committed prejudicial error by accepting a plea of guilty to grand theft on a statement of facts which comprises only the elements for unauthorized use of a motor vehicle."
 {¶ 6} Greathouse claims that the prosecutor's statement of facts at the plea hearing described the unauthorized use of an automobile, but not grand theft auto. Greathouse also claims that there was "at least an ambiguity that [he] did not understand one element of the charge of grand theft auto and so did not knowingly enter a plea thereto." As such, he claims that the trial court erred in accepting his plea of guilty to grand theft auto.
 {¶ 7} "`[A] plea of guilty, from an early period in the history of criminal procedure, * * * has been regarded as an admission of every material fact well pleaded in the indictment, dispensing with the necessity of proving them, and authorizing the court to proceed to judgment.'" State v. Moore (May 13, 1993), Montgomery App. No. 13564, citing Craig v. State (1892),49 Ohio St. 415, 418. It is a full and complete admission of criminal liability. Crim.R. 11(B)(1); State v. Jones (Sept. 12, 2003), Greene App. No. 03CA7, 2003-Ohio-4843. Crim.R. 11(C) sets forth the trial court's responsibilities in accepting a no contest or guilty plea to a felony offense. The rule does not require the trial court to establish the factual basis for the offense before accepting a plea. Moore, supra. See, also,State v. Post (1987), 32 Ohio St.3d 380, 386-387,513 N.E.2d 754; State v. King (Nov. 4, 1999), Cuyahoga App. No. 74932. Rather, it instructs the trial court to determine that the defendant understands the nature of the charges. Substantial compliance with this requirement satisfies the Rule. Moore,
supra, citing State v. Stewart (1977), 51 Ohio St.2d 86,364 N.E.2d 1163 and State v. Nero (1990), 56 Ohio St.3d 106,564 N.E.2d 474. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 8} A guilty plea admits the facts set forth in the indictment, not the facts set forth at the plea hearing. SeeMoore, supra. In this case, the indictment provided that Greathouse, with purpose to deprive the owner of property, i.e., a motor vehicle, had knowingly obtained or exerted control over the vehicle by deception, contrary to and in violation of R.C.2913.02(A)(3). This section charges theft, a felony of the fourth degree. These are that facts admitted by Greathouse when he pleaded guilty, and he thereby relieved the state of the necessity of proving them. Moore, supra. We reject Greathouse's suggestion that, where, as here, a defendant has been informed of the charge in the indictment and has had a full opportunity to discuss that charge with his attorney, slight variations in the description of the offense at the plea hearing will create a presumption that the defendant did not understand the nature of the charges against him.
 {¶ 9} Moreover, we do not agree with Greathouse's assertion that the prosecutor's statement of facts at the plea hearing failed to adequately describe the offense of grand theft auto. The prosecutor stated:
 {¶ 10} "[T]he Defendant did borrow an automobile belonging to a resident of the City of Xenia, Greene County, Ohio. Initially that borrowing was with permission. However, the understanding was the Defendant was to go to Dayton, get some clothing, come back to Xenia. The motor vehicle was not returned, thus constituting a taking and with purpose to deprive the owner of property."
 {¶ 11} In our view, this statement of facts, albeit sparse, comports with the indictment, which charged that Greathouse had obtained or exerted control over the vehicle by deception, with purpose to deprive the owner of property. The prosecutor's statement that the "motor vehicle was not returned" permits inferences of deception and of purpose to deprive the owner of property, and it is inconsistent with the offense of which Greathouse claims he should have been convicted — unauthorized use of a motor vehicle, R.C. 2913.03. That offense contemplates the eventual return of the vehicle to its owner.
 {¶ 12} Nevertheless, the colloquy between the trial court and Greathouse demonstrates a genuine possibility that Greathouse did not truly understand that he was admitting that he had a purpose to deprive the owner of the car of his property, and that he had obtained control of the car by deception.
 {¶ 13} After the prosecutor recited the facts, as quoted above, the trial court and Greathouse discussed as follows:
 {¶ 14} "THE COURT: Mr. Greathouse, did you hear and understand the facts that the Prosecutor just read into the record?
 {¶ 15} "A. Yes, sir.
 {¶ 16} "THE COURT: Are those the facts to which you wish to enter a plea of guilty?
 {¶ 17} "A. Yes, sir.
 {¶ 18} "THE COURT: You're entering this plea of guilty because that is what you did, you are guilty?
 {¶ 19} "A. I mean, the car got stolen from me.
 {¶ 20} "THE COURT: I understand that.
 {¶ 21} "A. Okay. But I guess I'm wrong for not coming right back, so yes, sir.
 {¶ 22} "THE COURT: All right. Well, the facts that the Assistant Prosecutor just stated on the record, are those the facts which to which you wish to enter a plea of guilty?
 {¶ 23} "A. Yes, sir. Yes.
 {¶ 24} "THE COURT: That is actually what happened; you are guilty based upon those facts?
 {¶ 25} "A. Yes, sir."
 {¶ 26} Despite the sufficiency of the indictment in charging a violation of R.C. 2913.02(A)(3), and the sufficiency of the prosecutor's narrative to embrace the essential elements of the offense, the prosecutor's narrative was not so thorough as to foreclose any reasonable possibility that Greathouse believed he was guilty merely for failing to timely return the car, whatever the reason for his failure to do so.
 {¶ 27} Crim. R. 11(C)(2)(a) requires the trial court — before it may accept a guilty or no contest plea — to determine that a defendant understands the nature of the charges.
 {¶ 28} Where, as here, (1) the prosecutor's narration, while sufficient, did not expressly mention deception or purpose to deprive the owner of property, and (2) the trial court asked Greathouse if the facts in the prosecutor's narrative were what he was pleading guilty to, we think Greathouse's responses were a red flag to the trial court that further inquiry of Greathouse was necessary to assure that he understood the deception and purpose to deprive elements of the offense and that he was admitting these elements of the offense.
 {¶ 29} Absent that further inquiry, we are constrained to reverse the judgment and remand for further proceedings.
 {¶ 30} The assignment of error is sustained.
 {¶ 31} The judgment will be reversed and the case will be remanded for further proceedings consistent with this opinion.
Fain, P.J. and Grady, J., concur.