JOURNAL ENTRY and OPINION
{¶ 1} Appellant Thomas Diamond appeals the trial court's sentence and assigns the following error for our review:
"I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO MORETHAN THE MINIMUM PRISON SENTENCE WITHOUT CONSIDERING THE REQUISITESTATUTORY FACTORS."
 {¶ 2} Additionally, Diamond assigns pro se a second error as follows:
"II. WHETHER THE AGGREGATED SENTENCE IMPOSED IS CONTRARY TO LAW ASDEFINED BY O.R.C. 2929.14 AND WHERE THE TRIAL COURT RELIED UPON MULTIPLEOFFENSES FOR THE SAME OFFENSE (`TRANSACTION') IN ASSESSING SUCHPUNISHMENT IN VIOLATION OF THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TOTHE UNITED STATES CONSTITUTION. SEE: BLAKELY V. WASHINGTON, (2004),124 S.CT. 2531."
 {¶ 3} Having reviewed the record and pertinent law, we affirm Diamond's sentence. The apposite facts follow.
 {¶ 4} The Cuyahoga County Grand Jury indicted Diamond for one count of attempted murder, two counts of felonious assault, one count of aggravated robbery, and one count of kidnapping, all with firearm specifications attached. The charges arose from Diamond, along with three co-defendants, beating the victim to the point of near death for allegedly stealing a $3,000 necklace from one of them.
 {¶ 5} Diamond entered a guilty plea to two counts of felonious assault, one amended count of robbery, and one amended count of attempted kidnapping, all with firearm specifications.
 {¶ 6} The matter was continued pending the preparation of a presentence investigation report. Diamond was released on bond pending the sentencing on the condition that he had no contact with the co-defendants or the victim.
 {¶ 7} Several days later, the victim was threatened by an unidentified male, who informed the victim that a friend of Diamond's was going to "take care" of him. The State filed a motion to revoke Diamond's bond. A hearing was held on the matter. At the hearing, Diamond denied knowledge of the threat. The trial court determined there was insufficient evidence that Diamond, and not one of his co-defendants, was the person who instigated the threat.
 {¶ 8} At the sentencing hearing, it was revealed that the victim was forced at gunpoint into a car and taken to a house where he was viciously beaten. The victim was beaten with a twelve-pound Mach Machine gun and stabbed with a broken glass bottle. He was admitted to intensive care. Because of his extensive injuries, it could not be determined whether the victim had been shot. However, he had sustained a large chest wound, which appeared to be caused by a bullet. His left ear had to be reattached, his ribs were broken, and he had a severely cut eye.
 {¶ 9} The prosecutor also noted that four days prior to the beating, Diamond was involved in another felonious assault with a gun, for which he was arrested. Diamond also has a prior felony conviction for theft, for which he served six months in prison.
 {¶ 10} At the hearing, Officer Mitchell testified that he was compelled to testify because of the severity of the beating suffered by the victim. He believed the victim would not have survived, had a utilities officer not interrupted the beating. Officer Mitchell stated Diamond and his co-defendants had been subject to an ongoing police investigation prior to the beating because they were known to be carrying high powered automatic weapons. After Diamond's arrest, a search warrant was issued and a weapon capable of firing sixty-plus rounds, which had been used to beat the victim, was confiscated. The officer stated the victim was beaten so viciously, that the metal steel housing assembly on the weapon had been broken.
 {¶ 11} Diamond apologized to the court. He stated he regretted the incident and had overreacted to the theft of the necklace.
 {¶ 12} The victim did not attend the sentencing hearing out of fear.
 {¶ 13} Diamond was sentenced to five years each on the felonious assault counts, and two years each on the attempted kidnapping and robbery counts, all to run concurrently for a total of five years. In addition, he was sentenced to a mandatory term of three years on each of the firearm specifications, which were merged and ordered to be served consecutively with the other counts. Therefore, Diamond received a total sentence of eight years.
 {¶ 14} In his first assigned error, Diamond argues the record is insufficient to justify more than a minimum prison sentence.
 {¶ 15} Diamond was sentenced to five years on both felonious assault counts, which are felonies of the second degree. Pursuant to R.C.2929.14(A)(2), the prison term range for a second-degree felony is two, three, four, five, six, seven, or eight years. Therefore, Diamond's five-year sentence for each count is less than the maximum, but more than the minimum.
 {¶ 16} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.[1] Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."[2]
 {¶ 17} When sentencing a defendant, R.C. 2929.11(A) requires the trial court to be guided by the "overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender.
 {¶ 18} Diamond argues the trial court erred by not making the requisite findings under R.C. 2929.14(B), in imposing a sentence beyond the minimum. However, R.C. 2929.14(B) applies to defendants who have never served time in prison. Diamond previously served six months in prison for a theft conviction. Therefore, R.C. 2929.14(B) does not apply to his sentence.
 {¶ 19} Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way to achieve the purposes and principles in R.C. 2929.11(A), which the court does by considering the factors set forth in R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The trial court also may consider any additional factors that it finds relevant in complying with the purposes and principles of sentencing in R.C. 2929.11.[3]
 {¶ 20} Diamond argues the record does not reflect that the trial court considered the factors set forth in R.C. 2929.12. However,
 {¶ 21} "the Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors."[4] Instead, it is "`sufficient that the record support an inference that the court has examined the factors.'"[5]
Here, the victim's medical records were entered into evidence along with photographs of the victim in intensive care. The trial court noted that the victim was "beaten within an inch of his life." The fact the victim suffered serious physical injury as a result of the offense is a consideration pursuant to R.C. 2929.12(B)(2).
 {¶ 22} The court also noted that Diamond had a prior felony conviction for theft. When determining recidivism, the defendant's criminal history is a consideration pursuant to R.C. 2929.12(D)(2). The court also noted that Diamond was arrested for a felonious assault that occurred several days prior to the beating in the instant case. Although this is not a consideration specifically outlined in R.C. 2929.12(B), it qualifies as "any other relevant factors." Moreover, although Diamond contends the trial court should not have considered his prior arrest for felonious assault when he had not yet been convicted, "in sentencing an offender, the trial court may consider other arrests that did not result in criminal convictions."[6] Thus, the record indicates the trial court considered the factors listed under R.C. 2929.12.
 {¶ 23} Moreover, our review of the record does not indicate any apparent factors suggesting that Diamond's conduct was less serious than conduct normally constituting the offense of felonious assault. The victim suffered a vicious beating and sustained serious injuries. He was stabbed with a broken bottle and struck repeatedly with a twelve-pound weapon with such violence that the metal assembly on the gun was broken. His ear had to be reattached, his face was swollen, his eye cut, and he had several broken ribs. His injuries were so severe that doctors were unable to determine if he sustained a gunshot wound to the chest. Under these circumstances, we conclude clear and convincing evidence supported the trial court's sentence. Accordingly, Diamond's first assigned error is overruled.
 {¶ 24} In his pro se second assigned error, Diamond raises several issues. He first contends the trial court's sentence is unconstitutional according to the U.S. Supreme Court's decision in Blakely v.Washington.[7] We disagree.
 {¶ 25} In determining Diamond's sentence, the trial court was required only to consider the factors set forth in R.C. 2929.12. The factors in R.C. 2929.12(B) are merely considerations, and the trial court may consider "any other relevant factor" in determining the sentence pursuant to R.C. 2929.12(B). The factors in R.C. 2929.12(B) merely guide the trial court in determining the appropriate sentence; they do not permit a trial court to impose any sentence beyond the prescribed statutory range, as contained in R.C. 2929.14(A). Therefore, R.C. 2929.12(B) does not implicate the Sixth Amendment as construed in Blakely.[8]
 {¶ 26} Diamond also contends the trial court erred in accepting his guilty pleas to attempted kidnapping, robbery, and the firearm specifications, because he contends the evidence did not support his plea to these charges. He also contends he pled only to felonious assault.
 {¶ 27} Our review of the record indicates that Diamond did indeed plead guilty to attempted kidnapping, robbery, and two counts of felonious assault, with all the attached firearm specifications. By entering a plea of guilty, Diamond admitted to the facts contained in the indictments. "A guilty plea admits the facts set forth in the indictment, not the facts set forth at the plea hearing."[9] Therefore, evidence in support of his plea was not necessary.
 {¶ 28} Diamond also argues the trial court erred by failing to find that the shortest prison term would demean the seriousness of the offense pursuant to R.C. 2929.14(B). However, as we concluded in the first assigned error, this provision does not apply to Diamond because he had served a prior prison term. Although Diamond contends he did not have a prior incarceration, his presentence investigation report clearly indicates he served six months for theft.
 {¶ 29} Diamond also contends the severity of the victim's injuries could not be ascertained because the victim did not testify. Although the victim did not give a victim impact statement, his medical records were entered into the record, along with photographs of his injuries. Therefore, the trial court had sufficient evidence upon which to base its determination that the victim sustained serious injury. Accordingly, Diamond's second assigned error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and McMonagle, J., concur.
[1] R.C. 2953.08(G)(2).
[2] Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of syllabus.
[3] R.C. 2929.12(A).
[4] State v. Arnett, 88 Ohio St.3d 208, 213, 2000-Ohio-302; State v.Quinn (1999), 134 Ohio App.3d 459.
[5] State v. Cody, 4th Dist. No. 00CA56, 2001-Ohio-2609 (quoting Griffin Katz, Ohio Felony Sentencing Law (1999), at 287). See, also,State v. Smith, 2nd Dist. No. 19419, 2003-Ohio-1854 (no findings necessary where court imposing less than maximum sentence for a second degree felony, not to be served consecutively) and State v. Garrison
(1997), 123 Ohio App.3d 11 (when record is silent as to whether R.C.2929.12 factors considered, rebuttable presumption exists that the court did in fact consider them.)
[6] State v. Pitts (June 30, 1999), 6th Dist. No. L-98-1203.
[7] (2004), 542 U.S. ___, 124 S.Ct. 231.
[8] Cf. State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729 (en banc) (R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, not implicate the Sixth Amendment as construed in Blakely); State v. Atkins-Boozer, Cuyahoga App. No. 84151 (en banc) (R.C. 2929.14(B), which governs the imposition of minimum sentences, does not implicate the Sixth Amendment as construed inBlakely).
[9] State v. Greathouse, 158 Ohio App.3d 135, 2004-Ohio-3402.