OPINION
{¶ 1} Defendant James D. Elliott appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which accepted his plea of no contest and found him guilty of four counts of burglary, felonies of the second degree, fifty seven counts of burglary, felonies of the third degree, and one count of attempted burglary, a felony of the fourth degree. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE DEFENDANT'S NO CONTEST PLEA AND FINDING HIM GUILTY.
 {¶ 3} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR AND ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT."
 {¶ 4} The record indicates appellant entered into a plea agreement with the State, in which he pled no contest to the charges cited supra, and in return, the State dismissed one count of engaging in a pattern of corrupt activities, a felony of the first degree, and sixteen firearms specifications. The State and appellant's counsel presented a joint sentence recommendation of twenty years in prison. The court accepted appellant's no contest pleas and found him guilty, but sentenced him to a total of thirty-three years in prison.
 I. {¶ 5} In his first assignment of error, appellant argues the court committed prejudicial error in finding him guilty of the third and fourth degree felonies. At the change of plea hearing, the State presented the facts of each count charged. The prosecutor recited the facts of the four second degree felonies and stated all the aforementioned were venued in Licking County. The prosecutor then recited the facts *Page 3 
of the fifty seven third-degree felonies and the one fourth-degree felony, but omitted the element of venue.
 {¶ 6} Crim. R. 11 requires the trial court to determine a defendant understands the nature of the charges before accepting a no-contest plea. Appellant argues because the prosecutor failed to state the element of venue, the trial court could not be sure appellant fully understood the nature of the charges to which he was pleading no contest. Appellant cites State v. Greathouse, 158 Ohio App. 3d 135,2004-Ohio-3402, 814 N.E. 2d 502, as authority for the proposition that where the prosecutor's recitation of the facts omits an essential element of the crime, the court cannot be assured that the defendant understood the nature of the charge.
 {¶ 7} Greathouse dealt with a guilty plea on a charge of grand theft of an auto. The prosecutor stated the defendant had borrowed an automobile with the owner's permission, with the understanding he was to return it. The prosecutor stated the defendant did not return the motor vehicle, which demonstrated a taking and a purpose to deprive the owner of his property. The Greathouse court found the statement the motor vehicle was not returned permits inferences of deception and purpose to deprive the owner of the property. The appeals court found the prosecutor's statement, albeit sparse, was sufficient to allege the offense. However, the Greathouse court found the Crim. R. 11 discussion between the trial court and the defendant demonstrated a genuine possibility the defendant did not understand the offense to which he pled. Specifically, in response to the court's inquiry, the defendant informed the court he did not return the car because it had been stolen from him. The court of appeals found despite the sufficiency of the indictment in charging a violation of R.C. 2913.02(A)(3) *Page 4 
and the sufficiency of the prosecutor's narrative to set out the essential elements of the offense, the prosecutor's narrative was not so thorough as to foreclose any reasonable possibility the defendant might believe he was guilty merely for failing to timely return the car, whatever the reason. We find the Greathouse case is clearly distinguishable from the case at bar.
 {¶ 8} In State v. Gallagher (August 6, 1975), Preeble App. No. 193, the defendant argued the State did not prove venue in its charge of driving without a valid driver's license. The court found the location of the offense was listed in the citation itself, and was sufficient to prove venue.
 {¶ 9} In the case at bar, the indictments set out the venue. At the hearing on the change of plea, the court inquired of appellant whether he received copies of the indictment filed against him, and asked if he had read the indictments and discussed them with his attorneys. The appellant replied "yes" to each of the court's questions. Tr. of Proceedings, Pages 5-6. The court asked appellant if he had any questions about any of the charges, and appellant indicated he did not. He stated he did understand the nature of the charges that had been filed against him. Id.
 {¶ 10} We find the record before us does not demonstrate appellant was prejudiced, confused, or misled by the omission of the element of venue in the prosecutor's statement of facts. Accordingly, the first assignment of error is overruled.
 II. {¶ 11} In his second assignment of error, appellant argues the trial court abused its discretion in sentencing appellant to a term of 33 years instead of the recommended sentence of 20 years in prison. *Page 5 
 {¶ 12} The trial court stated it had considered the purposes and principles of sentencing is set out under Section 2929.11 of the Revised Code, as well as the seriousness and recidivism factors set out in R.C.2929.12. The court stated it had reviewed the victim's impact statements and the proceedings at the hearing. The court also noted the State agreed to dismiss the 16 gun specifications and the charge of engaging in a pattern of corrupt activity, all of which would have extended appellant's potential maximum sentence. The trial court informed appellant the maximum sentence he faced was in excess of 300 years, Tr. at 31.
 {¶ 13} However, the trial court also noted appellant was on parole on a charge of aggravated burglary for which he had received a 5 to 25 year sentence from Warren County, dating from the late 1990's. The court expressed doubt that the remainder of the prior sentence would ever be imposed. Appellant argues the court was mistaken, and may have sentenced him more severely as a result.
 {¶ 14} Appellant concedes a trial court has great discretion in sentencing defendants, State v. Foster, 109 Ohio St. 3d 1,2006-Ohio-856, 845 N.E. 2d 470. Trial courts have full discretion to impose a prison sentence within the statutory range and are not required to make findings or state reasons for imposing maximum, consecutive, or more than minimum sentences, Id. An individual has no substantive right to a particular sentence within the range authorized by statute,State v. Firouzmandi, Stark App. No. 2006-CA-41, 2006-Ohio-5823, paragraph 21, citations deleted. A trial court is not obligated to accept the terms of a plea agreement, State v. Elliott (1993),86 Ohio App. 3d 792, 621 N.E. 2d 1272. *Page 6 
 {¶ 15} In Foster, supra, the Supreme Court modified our standard of review concerning sentencing, but left a void concerning the applicable standard of review in sentencing matters, Firouzmandi, paragraph 7. InFirouzmandi, this court determined our standard of review is the abuse of discretion standard, which means we may not substitute our judgment for that of the trial court, Id. at paragraph 40, citing Pons v. OhioState Medical Board (1993), 66 Ohio St. 3d 619.
 {¶ 16} We have reviewed the record, and we find the trial court did not abuse its discretion in sentencing appellant to a term of 33 years where the maximum sentence authorized by statute was nearly ten times that amount.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, of Licking County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1