[Cite as *State v. Greenlee*, 2017-Ohio-849.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27039 |
| | : | |
| v. | : | T.C. NO. 15CRB2444 |
| | : | |
| KIEL GREENLEE | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___10th___ day of _____March_____, 2017.

. . . . . . . . . . .

AMY B. MUSTO, Atty. Reg. No. 0071514, Assistant City Prosecutor, 335 W. Third Street, Rm. 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 120 W. Second Street, Suite 603, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

KIEL T. GREENLEE, 6124 Clematis Drive, Dayton, Ohio 45449
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Kiel Greenlee appeals a decision of the Dayton Municipal Court denying his post-sentence motion to withdraw his guilty and motion to

dismiss.   Greenlee filed a timely notice of appeal with this Court on March 8, 2016.

{¶ 2} On May 4, 2015, Greenlee was charged by complaint with criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree.   At his arraignment, Greenlee pled not guilty and was released on his own recognizance.   The record establishes that Greenlee's first and second appointed attorneys withdrew from his representation.   The trial court appointed a third attorney to represent Greenlee on August 20, 2015.

{¶ 3} Shortly thereafter on October 5, 2015, Greenlee pled guilty to an amended charge of disorderly conduct, in violation of R.C. 2917.11, a misdemeanor of the fourth degree.   In exchange for Greenlee's guilty plea, the State agreed to dismiss an additional charge in a separate case as well.   On the plea of guilty to disorderly conduct, the trial court sentenced him to thirty days in jail, suspended, placed him on supervised probation for six months, and ordered him to pay restitution in the amount of $349.84.   The trial court also ordered Greenlee to pay court costs but suspended a fine in the amount of $200.00.   The trial court issued Greenlee's judgment entry of conviction on October 5, 2015.   Greenlee did not file a direct appeal of his conviction and sentence imposed on October 5, 2015.

{¶ 4} However, on November 10, 2015, Greenlee filed a pro se motion to withdraw his guilty plea and a motion to dismiss.   The State filed a response to Greenlee's motion to withdraw on November 19, 2015.   On March 1, 2016, the trial court issued an entry denying Greenlee's motion to withdraw and motion to dismiss.   On March 8, 2016, Greenlee filed a notice of appeal of the trial court's decision denying his motion to withdraw and motion to dismiss.   Additionally, upon a motion from Greenlee, the trial

court issued an entry staying the execution of Greenlee's sentence pending the outcome of his appeal.

{¶ 5} We note that on May 18, 2016, we issued an order overruling Greenlee's request to prosecute a direct appeal of the judgment entry of conviction filed by the trial court on October 5, 2015. Therein, we limited Greenlee's instant appeal to any issues arising from the trial court's March 1, 2016, decision denying his motion to withdraw and motion to dismiss. We further note that on September 9, 2016, Greenlee's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he alleged that no arguably meritorious issues exist on appeal. In an order issued on September 13, 2016, we granted Greenlee sixty days from the date of the order in order to file a pro se appellate brief. Thereafter, on October 6, 2016, Greenlee filed a pro se appellate brief in which he argues that his motion to withdraw and motion to dismiss should have been granted by the trial court because his counsel was ineffective for advising him to enter a guilty plea to disorderly conduct. The State filed a responsive brief on December 19, 2016, and the instant appeal is now properly before us.

{¶ 6} Greenlee did not set forth specific assignments of error in his appellate brief as required by App.R. 16(A). However, upon reading his brief, we are able to discern that Greenlee contends that the trial court erred when it overruled his motion to withdraw his guilty plea. As discussed in *State v. Peoples,* 2d Dist. Miami No. 2005 CA 20, 2006–Ohio–4162, the failure to set forth specific assignments of error is grounds for dismissal. *Id.* at ¶ 24. However, in the interest of justice, we will review this matter in order to determine whether the trial court erred when it denied his post-sentence motion

to withdraw and motion to dismiss in light of his allegation that he received ineffective assistance of counsel.

{¶ 7} We further note that Greenlee captioned his original motion as a "motion to withdraw his guilty plea and motion to dismiss." For clarity's sake, the only issue in the instant appeal is whether the trial court abused its discretion when it denied Greenlee's post-sentence motion to withdraw his guilty plea. There are no apparent issues regarding a motion to dismiss.

{¶ 8} "We review the alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, * * *. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland,* 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted.) *State v. Mitchell,* 2d Dist. Montgomery No. 21957, 2008–Ohio–493, ¶ 31.

{¶ 9} Entry of a voluntary guilty plea waives the right to raise ineffective assistance of counsel claims, except to the extent that ineffective assistance caused the guilty plea to

be less than knowing or voluntary. *State v. Kidd,* 2d Dist. Clark No. 03CA43, 2004-Ohio-6784, ¶ 16.

{¶ 10} We review a trial court's decision on a post-sentence motion to withdraw a guilty plea and on a decision granting or denying a hearing on the motion for an abuse of discretion. *Xenia v. Jones,* 2d Dist. Greene No. 07–CA–104, 2008–Ohio–4733, ¶ 6; *State v. Perkins,* 2d Dist. Montgomery No. 25808, 2014–Ohio–1863, ¶ 27. "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' " *State v. Perkins,* 2d Dist. Montgomery No. 24397, 2011–Ohio–5070, ¶ 16, quoting *State v. Beechler,* 2d Dist. Clark No. 09–CA–54, 2010–Ohio–1900, ¶ 62. (Other citation omitted.) "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 11} Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his plea bears the burden of establishing a manifest injustice. Crim.R. 32.1; *State v. Harris,* 2d Dist. Montgomery No. 19013, 2002–Ohio–2278, ¶ 7, citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Brooks,* 2d Dist. Montgomery No. 23385, 2010–Ohio–1682, ¶ 8, quoting *State v. Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Under this standard, a post sentence motion to withdraw is allowable

only in extraordinary cases. *Smith* at 264.

{¶ 12} "A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea." *State v. Mogle,* 2d Dist. Darke Nos. 2013–CA–4, 2013–CA–5, 2013–Ohio–5342, ¶ 17, quoting *State v. Burkhart,* 2d Dist. Champaign No. 07–CA–26, 2008–Ohio–4387, ¶ 12. In other words, "[t]o obtain a hearing, 'a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice[.]' " *State v. Tunstall,* 2d Dist. Montgomery No. 23730, 2010–Ohio–4926, ¶ 9, quoting *State v. Whitmore,* 2d Dist. Clark No. 06–CA–50, 2008–Ohio–2226, ¶ 11. "[W]e have held that no hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record." (Citations omitted.) *State v. Stewart,* 2d Dist. Greene No. 2003–CA–28, 2004–Ohio–3574, ¶ 6.

{¶ 13} At the plea hearing, the following exchange occurred:

The Court: All right. Mr. Greenlee how do you plead to the disorderly conduct?

Greenlee: Guilty[,] Your Honor.

Q: *Sir, do you understand that my [sic] pleading guilty that's a complete admission of guilt to the charge*?

A: *Yes[,] Your Honor.*

Q: Any threats or promises been made to get you to plead guilty?

A: No[,] Your Honor.

The Court: And [addressing the State] the factual basis for the clerk?

The State: Your Honor[,] [Greenlee] was at MJ's bar here in Dayton [Ohio] on Jefferson Street.  [Greenlee] was told that the after hours time had arrived and he could no longer be drinking alcohol.  [Greenlee] objected to that and was threatening to the bartenders there and then kicked a glass door cracking it.  In response they tried to remove him from the establishment.

The Court: Ok[,] Mr. Greenlee[.]  Do you understand that's the factual basis for your plea of guilty to disorderly conduct.

Greenlee: Yes[,] Your Honor.

Q: So this is a misdemeanor of the fourth degree and it does carry a possible maximum penalty of thirty days of incarceration and a possible maximum fine of $250.00.  Sir, you do have a right to have your case tried by a judge or jury and the right to question those witnesses that will testify against you.  If you would like to present evidence on your own behalf and to subpoena witnesses to appear in court [sic].  You do not have to testify on your own behalf and the State cannot force you to do so.  The State must prove each and every element of the offense of disorderly conduct that's been filed against you beyond a reasonable doubt.  Sir, do you understand those rights?

A: Yes[,] Your Honor.

Q: Sir[,] do you give up those rights and enter a plea of guilty to the charge of disorderly conduct?

A: Yes[,] Your Honor.

***

The Court: Ok, all right.   Let's see what I'm gonna do here[.]   I'm gonna place you on supervised probation for six months or until the community control sanctions are completed[.]   So as soon as you get these done the sooner this case will be over.   Do you know what I'm saying?

Greenlee: Yes[,] I'm gonna try to take this from the money I get from [my] G.I. Bill to take care of this Your Honor.

Q: *** So that will be thirty days suspended.   Placed on supervised probation for a period not to exceed six months or until community control sanctions are (inaudible) in the restitution amount of [$349.84].   Complete anger management and sir no contact with MJ's Bar and James Frances. Ok?

A: Yes[,] Your Honor.

Q: All right[.]   So you have a [$200.00] fine and we'll suspend that fine.   Have you pay court costs.

{¶ 14} Upon review, we conclude that Greenlee has failed to establish a manifest injustice warranting the withdrawal of his plea.   In his brief, Greenlee argues that the criminal complaint filed against him by the State was based "solely [upon] inadmissible hearsay evidence."   Greenlee further asserts that the remaining evidence the State planned to use against him had the case gone to trial was "irrelevant" and insufficient to convict of the charged offense.   The evidence of which Greenlee speaks was a recorded online Facebook conversation and the contents of a surveillance camera video. However, the fact remains that Greenlee pled guilty to the amended reduced charge of

disorderly conduct and took responsibility for the offense. *State v. Fannon*, 2d Dist. Montgomery No. 25957, 2014-Ohio-2673; *see also State v. Greathouse,* 158 Ohio App.3d 135, 2004–Ohio–3402, 814 N.E.2d 502, ¶ 8 (2d Dist.) ("A guilty plea admits the facts set forth in the indictment").

{¶ 15} In the instant case, the recitation of facts by the State establish that Greenlee committed the offense of criminal damaging, a misdemeanor of the second degree, and he benefitted by the reduction to a fourth degree misdemeanor charge of disorderly conduct.   Greenlee pled guilty, thereby relieving the State of the necessity of proving the facts. *Greathouse* at ¶ 8.   Therefore, Greenlee's argument challenging the sufficiency of the evidence forming the basis of the complaint against him fails to establish that a manifest injustice occurred or that his appointed trial counsel was ineffective.

{¶ 16} We also note that Greenlee argued that his appointed appellate counsel was ineffective for filing an *Anders* brief, effectively forcing him to proceed on appeal without counsel.   Specifically, Greenlee contends that his appointed appellate counsel was deficient for making only minimal effort to contact him and also for failing to properly research the pertinent legal issues.   Upon review, we find that this is not the correct stage in the proceedings for Greenlee to argue that he received ineffective assistance of appellate counsel.   When an *Anders* brief has been filed by appointed counsel, our review is limited to whether any arguably meritorious issues exist on appeal.   If so, we appoint new counsel to brief any issues we have discovered, as well as any additional legal issues new counsel may uncover through his or her own research.

{¶ 17} Greenlee's sole assignment of error is overruled.

{¶ 18} Additionally, the record of the plea hearing establishes that Greenlee was

fully advised of all constitutional and non-constitutional rights he was waiving. The trial court engaged Greenlee in a complete Crim.R. 11 colloquy. In particular, the trial court advised Greenlee that, by pleading guilty, he was waiving: (1) his right to a jury trial; (2) his right to confront his accusers; (3) his right to compulsory process to obtain witnesses; (4) his right to require the state to prove his guilt beyond a reasonable doubt; and (5) his privilege against compulsory self-incrimination. The trial court further explained the nature of the charge and the maximum penalty Greenlee could face if the court accepted his plea of guilty. Greenlee stated he understood the rights he was waiving and specifically stated he desired to plead guilty to one count of disorderly conduct. Lastly, Greenlee acknowledged his ability to pay the restitution order imposed by the trial court. The record demonstrates Greenlee understood the rights he was waiving and knowingly, intelligently, and voluntarily entered the guilty plea.

{¶ 19} Accordingly, we conclude that the trial court did not err in denying Greenlee's motion to withdraw his guilty plea. Having conducted an independent review of the record pursuant to *Anders*, we find this appeal to be wholly frivolous. There are no meritorious issues for appeal. Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Amy B. Musto
Carl Bryan
Kiel T. Greenlee
Hon. Carl Sims Henderson