[Cite as *State v. Cargill*, 2013-Ohio-2689.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   98705

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES CARGILL

DEFENDANT-APPELLANT

---

## JUDGMENT:
## VACATED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561451

**BEFORE:**   E.A. Gallagher, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   June 27, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
State Public Defender

By:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mary Weston
         Daniel T. Van
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, James Cargill, appeals his 12-month prison sentence for failure to comply. We hold that the trial court improperly found appellant's conviction constituted an "offense of violence" pursuant to R.C. 2901.01(A)(9), vacate his sentence as contrary to law and remand for resentencing.

{¶2} Appellant was charged with failure to comply in violation of R.C. 2921.331(B). The indictment contained a furthermore clause specifying that through the operation of his motor vehicle appellant "caused a substantial risk of serious physical harm to persons or property." The offense, as indicted, was a felony of the third degree. R.C. 2921.331(C)(5)(a)(ii).

{¶3} Pursuant to a plea agreement with the state, the furthermore clause was deleted and Cargill pled guilty to a violation of R.C. 2921.331 and 2921.331(C)(4), which provides that, "in committing the offense, the offender was fleeing immediately after the commission of a felony." The crime to which appellant pled guilty was a felony of the fourth degree pursuant to R.C. 2921.331(C)(4).

{¶4} At sentencing the trial court, relying upon information in the presentence investigation report, found appellant's offense constituted an offense of violence, sentenced him to a 12-month prison term and suspended his drivers license permanently. This appeal followed.

{¶5} Cargill's sole assignment of error states:

The trial court erred when it sentenced Mr. Cargill contrary to law, imposing a one-year term of imprisonment rather than community control sanctions as required by R.C. 2929.13.

{¶6} R.C. 2929.13(B)(1)(a) provides that a trial court shall sentence an offender to a community control sanction if an offender pleads guilty to a felony of the fourth degree that is not an offense of violence and the factors in R.C. 2929.13(B)(1)(a)(i)-(iv) are satisfied. Appellant argues that he did not enter a guilty plea admitting that his conduct involved physical harm to persons or a risk of serious physical harm to persons and the trial court erred in engaging in judicial fact finding to conclude that his crime constituted an offense of violence. The state does not dispute that the required factors are applicable to appellant, but argues that the trial court was not bound to impose a community control sanction because appellant's offense constituted an offense of violence.

{¶7} R.C. 2901.01(A)(9) defines an "offense of violence" as any of the following:

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States,

committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons.

R.C. 2901.01(A)(9).

{¶8} As appellant's conviction is not an offense that the legislature has categorically deemed an offense of violence in all instances by way of R.C. 2901.01(A)(9)(a), his conviction may only be treated as an offense of violence if R.C. 2901.01(A)(9)(c) applies.

{¶9} The question before this court is how to properly apply R.C. 2901.01(A)(9)(c). The state urges the adoption of a categorical approach that considers whether the elements of the offense are of the type that would justify the offense's categorization as an offense of violence without inquiry into the specific conduct of the particular offender at issue. In other words, under the categorical approach, a court must look generally at an offense and decide if it *commonly* involves "physical harm to persons or a risk of serious physical harm to persons." Importantly, the categorical approach does not require the defined elements of the offense itself to actually include "physical harm to persons or a risk of serious physical harm to persons." Under this approach, although a particular offense in certain instances does not involve "physical harm to persons or a risk of serious physical harm to persons," if the court deems that such offense *commonly* does involve such harm or risk, the offense is judicially amended into the list of automatic crimes of violence contained within R.C. 2901.01(A)(9)(a). The categorical approach is utilized by the federal courts in applying their own distinct, violent felony statute defined in 18 U.S.C. 924(e)(2)(B)(ii). Because we find significant

differences between Ohio's offense of violence definition and the federal violent felony definition, we reject the use of the categorical approach to classify crimes under R.C. 2901.01(A)(9)(a).

{¶10}   Our prior cases in which R.C. 2901.01(A)(9)(c) has arisen have not delved into significant analysis of the statutory language and provide little guidance as to the proper manner for determining whether a crime qualifies as an offense of violence pursuant to that section.

{¶11}   In *State v. McCain*, 48 Ohio Misc. 13, 357 N.E.2d 420 (2d Dist.1976), the Montgomery County Court of Common Pleas held that the offense of carrying a concealed weapon was an offense of violence irrespective of whether the underlying conduct at issue actually involved physical harm.  The court noted that, at the time, the list of crimes contained within R.C. 2901.01, which the legislature had automatically deemed offenses of violence, included the offense of carrying a concealed weapon. Nonetheless, in dicta, the court asserted that "it could convincingly be argued that [the offense of carrying a concealed weapon] does involve a 'risk of serious physical harm.' * * * ".  *Id*. at 16.  The court therefore reasoned that the offense would additionally qualify as an offense of violence under language substantially similar to that presently found in R.C. 2901.01(A)(9)(c).[1]   *Id*. at 16.  In this analysis, the court appeared to apply a categorical approach to classifying crimes as offenses of violence under the language of R.C. 2901.01(A)(9)(c).

---

[1]The "felony of violence" definition was found in R.C. 2901.01(I)(3) at the time.

{¶12}  In *State v. Riggins*, 35 Ohio App.3d 1, 519 N.E.2d 397 (8th Dist.1986), this court, without extensive analysis, cited the reasoning in *McCain* for the proposition that carrying a concealed weapon constituted a felony of violence.  *Id*. at 18.  Again, at the time, the list of legislatively designated offenses of violence in R.C. 2901.01 specifically included carrying a concealed weapon, rendering the dicta rationale in *McCain* superfluous.  Subsequently, in 1996 the legislature removed the offense of carrying a concealed weapon from the list of offenses of violence contained within R.C. 2901.01.  *See* Ohio S.B. 2 (eff. 7-1-96).

{¶13} In contrast to the *Riggins* decision's reference to *McCain*'s categorical style approach to the statute, this court, in *State v. Gauntt*, 8th Dist. No. 63792, 1998 Ohio App. LEXIS 1062 (Mar. 12, 1998), while examining an ineffective assistance of counsel argument pertaining to an offense of violence, did not employ a categorical approach to the R.C. 2901.01(A)(9)(c) language, but instead inferred that the proper approach would be to examine whether the underlying offense for which the defendant was convicted included a specification that would bring it within the purview of that subsection.

{¶14} The federal courts have applied a categorical approach to evaluating whether a particular offense is to be considered a violent felony for the purposes of sentencing.  18 U.S.C. 924(e)(2)(B) provides in relevant part:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, * * * that
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise

involves conduct that presents a serious potential risk of physical injury to another;

**{¶15}** Unlike the Ohio "offense of violence" definition, the federal "violent felony" definition does not contain an extensive list of crimes that must always be treated as violent felonies. In response to this void, the federal courts have adopted the categorical approach in order to classify which crimes will always be treated as violent under the broad language of 18 U.S.C. 924(e)(2)(B)(ii). The Sixth Circuit Court of Appeals explained in *United States v. Yates*, 6th Cir. No. 11-3833, 2012 U.S. App. LEXIS 20857 (Oct. 5, 2012):

> In determining whether an offense is a "violent felony," the court must use the "categorical approach" and "consider whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offense. * * * [W]e are concerned with how the offense is generally or ordinarily committed, not how it might be committed in an unusual case.

(Internal citations omitted.)

*Id.* at *18, quoting *James v. United States*, 550 U.S. 192, 202, 127 S.Ct. 1586, 167 L.Ed 2d 532 (2007).

**{¶16}** Applying the categorical approach, the Sixth Circuit Court of Appeals in *Yates* concluded that a violation of Ohio's R.C. 2921.331(B), failure to comply, constitutes a federal "violent felony" because generally a typical instance of vehicular flight from a police officer "presents a serious potential risk of physical injury to another" comparable to the enumerated offenses of burglary, arson and extortion. *Yates* at *21-26.

{¶17} Unlike the federal "violent felony" definition, the Ohio legislature has already provided within R.C. 2901.01(A)(9)(c) an exhaustive list of over 30 separate crimes that categorically constitute offenses of violence. It is illogical to read R.C. 2901.01(A)(9)(c) as an open invitation to Ohio courts to apply a categorical approach such as that employed by federal courts to unilaterally amend R.C. 2901.01(A)(9)(a) with additional offenses, the violation of which in every instance, qualifies as an offense of violence. While the federal statute provides only comparative example offenses, R.C. 2901.01(A)(9)(a) provides a detailed list of offenses that are offenses of violence. Had the legislature desired any further offenses to categorically constitute offenses of violence without regard to the particular conduct in which an individual engaged, the legislature would have included such offenses amongst the extensive list provided in R.C. 2901.01(A)(9)(a).

{¶18} We find that the *McCain* dicta, which applied a categorical-type approach, mistakenly interpreted the statutory definition of "offense of violence" found in R.C. 2901.01.

{¶19} Appellant argues in favor of what he labels an elements-based approach to R.C. 2901.01(A)(9)(c), where a court may only consider whether or not the elements of the underlying offense include "physical harm to persons or a risk of serious physical harm to persons." This narrow approach is equally inconsistent with the language of the statute for two reasons. First, the statute does not refer to elements. Secondly, if the legislature desired only to include every offense with an element of "physical harm to persons or a risk of serious physical harm to persons," the legislature would not have

needed the language of R.C. 2901.01(A)(9)(c), but instead would have simply included such qualifying offenses in R.C. 2901.01(A)(9)(a).

{¶20} Quite nonsensically, under either a pure categorical approach or an elements-only approach, a defendant could not be convicted of an "offense of violence" where the proven or admitted facts of the underlying crime actually involved "physical harm to persons or a risk of serious physical harm to persons" if the crime was not listed in R.C. 2901.01(A)(9)(a), the categorical analysis did not generalize the crime as an offense of violence, and the offense itself did not include the required elements. The language of R.C. 2901.01(A)(9)(c), which only excludes traffic offenses and offenses committed without the requisite mens rea, does not share the elements-only and categorical-approaches limitations in this regard. The application of the statute is clear: if the defendant pleads guilty to an offense that contains an element of physical harm or a risk of serious physical harm, then the crime is an offense of violence. However, if the offense does not include such elements, the crime may still qualify as an offense of violence if the defendant admits or stipulates to the relevant facts in an attached furthermore clause.[2]

{¶21} Although we reject the categorical labeling of a violation of R.C. 2921.331(B) as a crime of violence under R.C. 2901.01(A)(9)(c) and appellant's proposed elements-only test, it must be recognized that a violation of R.C. 2921.331

---

[2]Although the present case concerns only a guilty plea, the same result would occur if the alleged fact was submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000).

could constitute a crime of violence depending upon the admitted facts of the plea. However, this is not a factual finding that a trial court is free to make at sentencing. Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490; *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). "The 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely* at 303.

{¶22} In the present case, appellant was initially charged with a violation of R.C. 2921.331 with a furthermore clause that "the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." *See* R.C. 2921.331(C)(5)(a)(ii). Had appellant pled guilty to the offense as indicted, it would have qualified as an offense of violence. However, pursuant to the plea agreement, the furthermore clause was deleted and appellant pled to a violation of R.C. 2921.331 and 2921.331(C)(4), which provides that, "in committing the offense, the offender was fleeing immediately after the commission of a felony." The crime to which appellant pled guilty was a felony of the fourth degree and, in this case, a legal fiction as there was nothing to support that appellant had committed a felony. *See* R.C. 2921.331(C)(4).

{¶23} Pursuant to *Blakely* and *Apprendi*, the trial court was barred from engaging in judicial fact finding to determine that appellant's conduct in this instance qualified as an offense of violence because such a factual finding increased the penalty for the crime to which appellant pled guilty beyond the prescribed statutory maximum. Without this

factual finding, the maximum sentence the trial court could have imposed solely on the basis of the facts admitted by appellant was a community control sanction pursuant to R.C. 2929.13(B)(1)(a).

{¶24} As *Blakely* explained, "[w]hen a defendant pleads guilty, the state is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to the judicial fact finding." *Id.* at 310. As neither occurred in this case, the trial court was without authority to engage in judicial fact finding and treat his conviction as an offense of violence.

{¶25} For these reasons we vacate appellant's sentence and remand for resentencing.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
LARRY A. JONES, SR., P.J., DISSENTS WITH SEPARATE OPINION

LARRY A. JONES, SR., P.J., DISSENTING:

{¶26} I dissent. I would adopt a categorical approach to classify crimes

under R.C. 2901.01(A)(9)(a) and find that the trial court had the discretion to sentence Cargill to prison because R.C. 2921.331(C)(4) is an offense of violence.

{¶27} As noted by the majority, R.C. 2901.01(A)(9) defines an "offense of violence" as "an offense, other than a traffic offense, * * * committed purposely or knowingly, and involving * * * a risk of serious physical harm to persons." A risk is defined as "a significant possibility, as contrasted with a remote possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(7).

{¶28} I would find that whether failure to comply can be considered a violent offense does not turn on the facts of a particular case. Instead, violations of statutes are interpreted by the elements of the crime and any related statutes or definitions. "In determining whether [a] crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). Thus, we must consider whether the offense itself is a crime of violence, without weighing the particulars of this case. Consequently, the specific finding the trial court made, that Cargill's offense was violent because he almost killed a pedestrian, does not affect our analysis. Nor do we consider the fact the state amended the indictment so that it no longer stated that Cargill caused a "substantial risk of serious physical harm to persons or property."

{¶29} Unlike the majority, I would find the *Yates* decision instructive. *Yates*, 6th Cir. No. 11-3833, 2012 U.S. App. LEXIS 20857 (Oct. 5, 2012). In *Yates*, the court

had to determine whether the defendant would be sentenced as an armed career criminal under the federal Armed Career Criminal Act ("ACCA"); to qualify as an armed career criminal, a defendant has to have at least three prior "violent felony" convictions.

{¶30} The *Yates* court noted that "[i]n determining whether an offense is a 'violent felony,' the court must use the 'categorical approach' and 'consider whether the elements of the offense are of the type that would justify its inclusion * * *, without inquiring into the specific conduct of this particular offender." (Citations omitted.) *Id.* at *18. Importantly, the court found that the same analysis applies to determining whether an offense is a "crime of violence." *Id.* at fn. 6.

{¶31} At issue in *Yates* was whether failure to comply pursuant to R.C. 2921.331(C)(4) was a violent felony because it "otherwise involves conduct that presents a serious potential risk of physical injury to another." The court found that "Ohio's prohibition on willfully eluding and fleeing an officer in a vehicle immediately after the commission of another felony, as a categorical matter, presents a serious potential risk of physical injury to another," and is, therefore, a violent felony. *Yates* at *21.

{¶32} The *Yates* court relied on the United States Supreme Court's decision in *Sykes v. United States*, ___ U.S. ___, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011), which held that, under Indiana law, felony vehicle flight qualifies as a violent felony. The *Sykes* Court reasoned:

> When a perpetrator defies a law enforcement command by fleeing in a car, the determination to elude capture makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense. Even if the criminal attempting to elude capture drives without going at full speed or going the wrong way, he creates the possibility that

police will, in a legitimate and lawful manner, exceed or almost match his speed or use force to bring him within their custody. A perpetrator's indifference to these collateral consequences has violent—even lethal—potential for others. A criminal who takes flight and creates a risk of this dimension takes action similar in degree of danger to that involved in arson, which also entails intentional release of a destructive force dangerous to others. This similarity is a beginning point in establishing that vehicle flight presents a serious potential risk of physical injury to another.

\* \* \*

Risk of violence is inherent to vehicle flight. Between the confrontations that initiate and terminate the incident, the intervening pursuit creates high risks of crashes. It presents more certain risk as a categorical matter than burglary. It is well known that when offenders use motor vehicles as their means of escape they create serious potential risks of physical injury to others. Flight from a law enforcement officer invites, even demands, pursuit. As that pursuit continues, the risk of an accident accumulates. And having chosen to flee, and thereby commit a crime, the perpetrator has all the more reason to seek to avoid capture.

Unlike burglaries, vehicle flights from an officer by definitional necessity occur when police are present, are flights in defiance of their instructions, and are effected with a vehicle that can be used in a way to cause serious potential risk of physical injury to another.

*Sykes* at 2273-2274; *Yates* at \*22-\*25.

{¶33} In *Sykes*, the offense in question was felony vehicle flight or "us[ing] a vehicle" to "knowingly or intentionally" fle[e] from a law enforcement officer" after being ordered to stop. *Id.* at 2268, citing Ind. Code 35-44-3-3(b)(1)(A) (2004). Thus, in *Sykes*, unlike *Yates* and the case at bar, Indiana law did not require an additional finding similar to that found in R.C. 2921.331(C)(4) to qualify as a violent felony.

{¶34} The *Yates* court concluded that the district court correctly found that R.C.

2921.331(C)(4) constituted a violent felony for purposes of the ACCA. In so doing, the court noted that the finding in *Sykes* that

> simple vehicular flight poses risks comparable to or more certain than the enumerated offenses of arson and burglary applies even more so to the offense at hand because fourth degree felony failure to comply requires not only that an offender willfully elude or flee from an officer's signal to stop, but also that the offender be fleeing immediately after the commission of another felony.

*Yates* at *26.

{¶35} Using the same categorical analysis in our case, and in accordance with *Yates*, I would likewise conclude that failure to comply in violation of R.C. 2921.331(C)(4) is an offense of violence. Consequently, it would not matter if, as in this case, the "risk of serious physical harm" language from R.C. 2921.331(B)(5) is absent, because failure to comply pursuant to R.C. 2921.331(C)(4) is, in my opinion, categorically a violent offense.

{¶36} Therefore, I would find the trial court had the discretion to sentence Cargill to prison for a violation of R.C. 2921.311(C)(4).

{¶37} I would note that it is not necessary to reach the issue of whether every violation of Ohio's failure to comply statute is an offense of violence for purposes of sentencing; my analysis is limited to the specific offense for which Cargill was convicted.

{¶38} I would further note that federal courts have interpreted state laws differently. Under Indiana law, as analyzed in *Sykes,* there are not varying penalties under the vehicle-flight offenses. In Ohio, the legislature has assigned differing penalties for violations of the failure to comply statute, ranging from a first-degree

misdemeanor to a third-degree felony. Interestingly enough, the Sixth Circuit has interpreted laws in Tennessee similar to Ohio's failure to comply law and has consistently held that all vehicle-flight offenses under Tennessee law are violent felonies under the ACCA. *See United States v. Doyle*, 678 F.3d 429 (6th Cir.2012), *cert. denied,* ____ U.S. ____, 133 S.Ct. 456, 184 L.Ed.2d (2012); *United States v. Rogers*, 481 Fed.Appx. 250 (6th Cir.2012), *cert. denied,* ____ U.S. ____, 133 S.Ct. 456, 184 L.Ed.2d (2012).

{¶39} Finally, Cargill argued that he was deprived of the "benefit of his plea bargain" because he pleaded guilty to a crime that had "mandatory probation." But Cargill did not lose the benefit of his plea bargain; if he had been convicted of his original indictment, he would have faced a possible prison sentence ranging from 9 to 36 months in prison. R.C. 2929.14(A)(3)(b). Because he pleaded guilty to a fourth-degree felony, the sentencing range was 6 to 18 months in prison. R.C. 2929.14(A)(4).

{¶40} Thus, I would overrule the assignment of error and affirm the trial court's judgment.