[Cite as *State v. S.R.S.*, 2024-Ohio-2195.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellant | : | C.A. No. 2023-CA-43 |
| | : | |
| v. | : | Trial Court Case No. 2003 CR 039 |
| | : | |
| S.R.S. | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 7, 2024

. . . . . . . . . . .

SAMANTHA B. WHETHERHOLT, Attorney for Appellant

MATTHEW K. HIGBEE, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant, the State of Ohio, appeals from a judgment granting the application of Appellee, S.R.S., to seal the records of a criminal conviction. The State contends that the trial court erred in failing to consider available evidence when it decided the motion to seal. In addition, the State argues that the trial court erred as a matter of law because S.R.S.'s conviction was for a felony offense of violence and was ineligible

for sealing under R.C. 2953.32.

{¶ 2} For the reasons discussed below, we agree with the State that the conviction was ineligible to be sealed and that the trial court erred as a matter of law.   As such, any alleged error in considering evidence is moot.   Accordingly, the judgment of the trial court will be reversed.

I.   Facts and Course of Proceedings

{¶ 3} On February 13, 2003, S.R.S. was charged by indictment with two counts. The first count alleged that S.R.S. had "recklessly operated a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop; the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property, a felony of the third degree."   The charged crime was a violation of R.C. 2921.331(B)(C)(5)(a)(ii).   The second count alleged that S.R.S. had obstructed, delayed, or prevented performance of official business of a public official, a fifth-degree felony, in violation of R.C. 2921.31(A).

{¶ 4} On March 19, 2003, S.R.S. pled guilty to the first count, and the State asked the court to dismiss the second count. The State also recommended community control. The court accepted the plea, found S.R.S. guilty of the offense, dismissed count two, and set sentencing for April 24, 2003.   Subsequently, on May 27, 2003, the court imposed three years of community control sanctions.   The court also ordered various supervision conditions, including a three-year suspension of S.R.S.'s driver's license and that S.R.S.

serve the first 100 days of community control in the regional jail.   *See* Final Appealable Order (May 27, 2003), p. 1-2.

{¶ 5} On February 3, 2006, S.R.S.'s probation officer filed a request to suspend community control because S.R.S.'s whereabouts were unknown.   The court then ordered a capias to be issued for S.R.S.'s arrest.   After S.R.S. was arrested, the court held a revocation hearing in March 2007, at which time S.R.S. did not contest the violation, i.e., that he had failed to notify the probation department in December 2005 of his change of address.   The court imposed a two-year prison term with jail-time credit. *See* Final Appealable Order (Apr. 9, 2007).   The Ohio Department of Rehabilitation and Correction calculated S.R.S.'s release date to be October 22, 2008.

{¶ 6} In September 19, 2023, S.R.S. filed an application to seal his record of conviction.   The application alleged that S.R.S. had successfully completed all terms of his sentence and had been discharged on October 8, 2008.   Because the trial judge at that time had previously served as a prosecutor for Champaign County, the Supreme Court of Ohio appointed a retired judge to hear the case.

{¶ 7} On September 29, 2023, a hearing was scheduled for November 17, 2023. The court notified the State that it could object to the application to seal by filing an objection no later than 30 days before the hearing date.   The court also ordered S.R.S. to participate in a post-sentence interview with the Pretrial Services Office and ordered the pretrial services officer to investigate and provide the court with a written report. Finally, the court ordered research on the eligibility of the offense for sealing to be submitted by November 5, 2023.   Journal Entry Setting Hearing on Defendant's Motion

to Seal Record of Conviction (Sept. 29, 2023), p. 1-2.

**{¶ 8}** On October 17, 2023, the State asked the court for additional time to respond to the motion to seal; the court granted the motion and gave the State leave to file any research on or before November 8, 2023. The State filed its response on November 8, 2023, and attached two exhibits. State's Ex. 1 was the sentencing order entered on May 27, 2003. State's Ex. 2 contained two pages of a document labeled "Mechanicsburg Police Department Officer Narrative Report: 02-05-00158." No affidavit was attached certifying the report, nor did the report identify the officer involved in preparing the narrative.

**{¶ 9}** The hearing took place as scheduled on November 17, 2023, and on November 22, S.R.S. filed a brief in support of his application. The trial court then granted S.R.S.'s application and ordered all official records of the case to be sealed, except for statutorily-permitted exceptions in R.C. 2953.32(D). Judgment Entry Granting Application to Seal ("Seal Judgment") (Nov. 22, 2023). On December 22, 2023, the State appealed, and it has raised two assignments of error. We will consider the alleged errors together, as they are intertwined.

## II. Discussion

**{¶ 10}** The State's first assignment of error states that:

The Trial Court Erred as a Matter of Law and Abused Its Discretion by Not Considering Evidence Available to It When Determining Appellee's Motion to Seal His Record.

**{¶ 11}** The State's second assignment of error is as follows:

The Trial Court Erred as a Matter of Law in Granting Appellee's Motion to Seal His Record as His Offense, a Felony Offense of Violence, Was Ineligible for Sealing Pursuant to R.C. 2953.32.

**{¶ 12}** Under the first assignment of error, the State contends that the trial court erred in failing to consider State's Ex. 2 because the Ohio Rules of Evidence do not apply to sealing hearings. The State therefore argues that the trial court committed a mistake of law. The State's second assignment of error is that the conviction could not have been sealed because it was a felony offense of violence under R.C. 2953.32.

**{¶ 13}** Before substantively discussing the issues, we note that the State failed to provide transcripts of any hearings that occurred in the trial court, including the 2003 plea hearing, the 2003 sentencing hearing, and the November 2023 hearing on whether the records should be sealed (at which S.R.S. testified). "The duty to provide a transcript for appellate review falls upon the appellant." *State v. Macky*, 8th Dist. Cuyahoga No. 59244, 1990 WL 156081, *1 (Oct. 18, 1990), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). (Other citations omitted.) "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.* Furthermore, the record filed with our court lacks any exhibits, and upon inquiry of the clerk of courts, we were told that no exhibits were filed in the trial court. The record, therefore, is sparse, to say the least. With these points in mind, we will consider the State's arguments.

A.  Discussion of the Applicable Law

{¶ 14} R.C. 2953.32, allowing offenders to apply for expungement of criminal conviction records, was enacted in November 1977.  *Barker v. State*, 62 Ohio St.2d 35, 36, fn. 1, 402 N.E.2d 550 (1980).  At the time, the statute allowed for expungements for first offenders.  *Id.*  "The General Assembly has declared with the enactment of R.C. 2953.31 et seq. that this state is to provide remedial relief to qualified offenders in order to facilitate the prompt transition of these individuals into meaningful and productive roles."  *Id.* at 41.

{¶ 15} Nonetheless, expungement of a criminal record is an " 'act of grace created by the state.' "  *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 12, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996).  "It should be granted only when all requirements for eligibility are met, because it is a 'privilege, not a right.' "  *Id.*, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.  "Generally, an appellate court reviews a trial court's decision regarding a motion to expunge and seal the record under an abuse of discretion standard."  *State v. Inscho*, 2019-Ohio-809, 132 N.E.3d 1265, ¶ 12 (2d. Dist.), citing *State v. Pierce*, 10th Dist. Franklin No. 06AP-931, 2007-Ohio-1708, ¶ 5.  Legal questions, however, are reviewed de novo.  *Id.*, citing *Futrall* at ¶ 6-7.

{¶ 16} An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' "  (Citations omitted.)  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are

unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Decisions are unreasonable if they are not supported by a sound reasoning process. *Id.* In de novo review, we independently review a trial court's decisions and do not defer to its findings. *Coldly v. Fuyao Glass Am., Inc.*, 2022-Ohio-1960, 191 N.E.3d 514, ¶ 9 (2d Dist.).

{¶ 17} The Supreme Court of Ohio has stressed that " '[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling.' " *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 6, quoting *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus. Upon reviewing the statutes pertaining to applications to seal criminal records, we noticed that they have been amended a number of times recently. Despite the existence of these various amendments, the parties failed to identify the statutory version that would have applied when S.R.S. filed his application on September 19, 2023.

{¶ 18} In beginning our discussion, we note that under R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." None of the statutes involved here were made retrospective. This is consistent with the admonition that the law in effect at the time of filing should be applied.

{¶ 19} The current statutes for sealing records were last amended effective October 3, 2023. Because this was after S.R.S. filed his application, we will apply the law in effect on September 19, 2023.

{¶ 20} Courts have held that " '[w]hether an applicant is an eligible offender under

R.C. 2953.31 and whether an offense is precluded from sealing by R.C. 2953.36 are questions of law that are independent of one another * * *.' " *State v. MacEwen*, 7th Dist. Mahoning No. 23 MA 0072, 2024-Ohio-1324, ¶ 8, quoting *State v. Puckett*, 12th Dist. Clermont No. CA2020-11-065, 2021-Ohio-2634, ¶ 7. In *MacEwen*, the court was referring to the fact that R.C. 2953.31(A)(1), as then written, defined an "eligible offender" and then provided exceptions to sealing in a separate statute, R.C. 2953.36. *Id.* Therefore, an applicant would have to qualify as an eligible offender first, and the court would then consider if sealing was precluded. However, when the legislature repealed and amended R.C. 2953.31, effective April 4, 2023, it eliminated the definition of eligible offender. *See* Am.Sub.S.B. 288, 2022 Ohio Laws 160 ("S.B. 288"). Further amendments were also effective on April 6, 2023. To put this in context and decide the proper law to apply, we will discuss the former law, the April 4, 2023 amendments, and the April 6, 2023 amendments.

### 1. Law in effect before April 4, 2023

{¶ 21} Before the April 4, 2023 amendments became effective, R.C. 2953.32(A)(1) stated that: "Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction, except for convictions listed under section 2953.36 of the Revised Code." Am.Sub.H.B. 1, 2020 Ohio Laws 93, effective April 12, 2021. Former R.C. 2953.32(A)(1)(a)-(b) and (A)(2) also provided time frames

within which applications could be filed. *Id.*

{¶ 22} Furthermore, under former R.C. 2953.31(A)(1), an "eligible offender" was defined as either of the following:

(a) Anyone who has been convicted of one or more offenses in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

(b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than two felony convictions, has not more than four misdemeanor convictions, or, if the person has exactly two felony convictions, has not more than those two felony convictions and two misdemeanor convictions in this state or any other jurisdiction. The conviction that is requested to be sealed shall be a conviction that is eligible for sealing as provided in section 2953.36 of the Revised Code.

Am.Sub.H.B. 110, 2021 Ohio Laws 30, effective September 30, 2021.

{¶ 23} As part of the April 4, 2023 amendments, R.C. 2953.36 was repealed. Before its repeal, R.C. 2953.36(A) stated, in pertinent part, that: "sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following: * * * (4) Convictions of

an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01, or 2917.31 of the Revised Code that is a misdemeanor of the first degree." Sub.H.B. 431, 2020 Ohio Laws 97, effective April 12, 2021. Under these former provisions, S.R.S. might not have been eligible if, as the State suggests, his felony conviction qualified as an offense of violence.

### 2. April 4, 2023 Amendments – S.B. 288

{¶ 24} After the April 4, 2023 amendments, R.C. 2953.32(A) stated that: "Sections 2953.32 to 2953.34 of the Revised Code do not apply" to various convictions. R.C. 2953.32(A)(1)-(6) then outlined the convictions in question. *See* S.B. 288. As relevant here, the amended statute excluded "[c]onvictions of a felony offense of violence that is not a sexually oriented offense." R.C. 2953.32(A)(2). Newly designated division (B)(1) retained most of the language in the former statute relating to times frames when eligible offenders could apply to have convictions sealed. However, the reference to R.C. 2953.36 was eliminated. Instead, division (B)(1) then only said that:

> Except as provided in section 2953.61 of the Revised Code or as otherwise provided in division (B)(1)(a)(iii) of this section, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing or expungement of the record of the case that pertains to the conviction, except for convictions listed in division (A) of this section.

*Id.* at S.B. 288. Section 2 of that act also repealed the then-existing version of R.C. 2953.32.

{¶ 25} S.B. 288 was passed on December 14, 2022, was approved on January 3, 2023, and was effective on April 4, 2023. The Ohio Legislative Service Commission ("LSC") Bill Analysis of S.B. 288 (Dec. 14, 2022), indicates that:

> Current law allows an "eligible offender" to apply for the sealing of a conviction record. The bill removes the definition of "eligible offender" and as a result, removes all references to "eligible offender" in this provision (with one exception) as well as in the other R.C. sections of the Sealing Law. As a result, the bill requires the court to determine whether the applicant seeks to seal a conviction record that is prohibited from being sealed (see, "Conviction records that cannot be sealed," below).

(Emphasis and footnote omitted.) *Id.* at p. 37, referring to R.C. 2953.31(A) and 2953.32(B)(1). Again, the convictions that could not be sealed were outlined in R.C. 2953.32(A)(1)-(6) as effective on April 4, 2023.

{¶ 26} As noted, the April 4 amendments also repealed R.C. 2953.36. In addition, they repealed R.C. 2953.38 (which related to expungement of convictions of human-trafficking victims). The content in R.C. 2953.38 was transferred to and was given the new section number of R.C. 2953.36. *See* Section 2 of S.B. 288.

{¶ 27} If the April 4, 2023 amendments applied here, S.R.S.'s conviction would be ineligible if, as the State suggests, it was a felony offense of violence. However, another amendment became effective later and repealed "existing" R.C. 2953.32. *See* Section

2 of Sub.H.B. 343, 2022 Ohio Laws 163 ("H.B. 343"). H.B. 343 was passed on December 14, 2022, was approved on January 5, 2023, and became effective on April 6, 2023.

### 3. April 6, 2023 – H.B. 343

{¶ 28} The April 6, 2023 version of R.C. 2953.32 contained the same wording as the 2021 version of the statute, with a few additions that are not pertinent here, i.e., language was added concerning notice to victims. Specifically, R.C. 2953.32 as reflected in H.B. 343 stated, as before, that: "Except as provided in section 2953.61 of the Revised Code * * * an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction, *except for convictions listed under section 2953.36 of the Revised Code.*" (Emphasis added.)

{¶ 29} However, H.B. 343 did not amend either R.C. 2953.31 (the definition section) or R.C. 2953.36 (which was the human trafficking statute). Consequently, if the April 6, 2023 version applied when S.R.S. filed his application to seal, there was no statutory definition of an "eligible offender," and R.C. 2953.36, which had previously precluded eligibility for offenses of violence, would not apply. As a result, there would be no exception that would preclude convictions of felony offenses of violence from being sealed. Again, neither side has addressed any of these points.

{¶ 30} As a general matter, "to 'repeal' something means 'to rescind or revoke * * * from operation or effect.' " *State ex rel. Choices for S.-W. City Schools v. Anthony*, 108

Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 41, quoting *Webster's Third New International Dictionary* 1924 (1993). See *also State ex rel. Bd. of Edn. of Kenton City School Dist. v. State Bd. of Edn.*, 174 Ohio St. 257, 260, 189 N.E.2d 72 (1963) ("repeal of a statute renders it inoperative, [but] the repeal ordinarily does not set aside acts which were consummated or deprive persons of rights which accrued under the statute"); *State v. O'Brien*, 95 Ohio St. 166, 177, 115 N.E. 25 (1917) ("[R]epeal of a statute is the end of that statute. To all intents and purposes it is the same as if it had never existed.")

{¶ 31} However, the Supreme Court of Ohio has distinguished between "outright repeal" and the General Assembly's use of " 'existing sections' language as part of a standard form of repealing clause for the purpose of complying with Section 15(D), Article II of the Ohio Constitution." *State v. Wilson*, 77 Ohio St.3d 334, 336, 673 N.E.2d 1347 (1997). In *Wilson*, a law had been enacted making assault on police a fourth-degree felony rather than a first-degree misdemeanor, and two days later, the legislature passed another law changing various terminology in the Revised Code. Both bills contained language stating that the "existing section" in question, R.C. 2903.13, was repealed. *Id.* at 335. The first law was enacted on May 24, 1994, and was effective on September 29, 1994; the second act was passed on May 26, 1994, and was effective on October 6, 1994. *Id.* at 335, fns. 2 and 3. In 1995, the defendant pled no contest to the charge of violating R.C. 2903.13 and was sentenced for the fourth-degree felony. *Id.* at 334 and fn.1.

{¶ 32} The amendment changing assault to a felony was not present in the later statute. However, the Supreme Court of Ohio concluded that "the 'existing sections'

repeal contained in the later-enacted law was limited in scope so as not to effect a repeal of the amendment to R.C. 2903.13 instituted in the earlier Act." *Id.* at 335-336.

{¶ 33} During its discussion, the court first noted it was required to follow statutory construction rules. The court then stressed the basic tenet "that 'the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute it is inserted to accomplish some definite purpose.' " *Id.* at 336, quoting *State ex rel. Cleveland Elec. Illum. Co. v. Euclid*, 169 Ohio St. 476, 479, 159 N.E.2d 756 (1959). To decide the scope of an " 'existing' statute repeal," the court looked at the requirements in R.C. 1.52, which required new matter to be capitalized and " 'old matter omitted by striking through such matter.' " *Id.* at 336. The court then applied this in evaluating what the modifier "existing" should mean for purposes of the later amendment to R.C. 2903.13. *Id.* at 336-337.

{¶ 34} The court then said:

Matter to be affected by an "existing sections" repeal must appear in the body of the enrolled Act and must be stricken through. R.C. 101.52. The legislature outlines what it intends to repeal by compliance with R.C. 101.52. Accordingly, in this case, had the legislature intended to repeal the earlier Act's amendment making assaults on law enforcement officers a felony, the later Act, as enrolled, should have contained that amendment and the language of that amendment should have been stricken through.

*Wilson*, 77 Ohio St.3d at 337, 673 N.E.2d 1347.

{¶ 35} Because the language making assault a felony did not appear in the later

act, the court concluded it had not been repealed. *Id.* The court further commented that: "Absent such a repeal, there is nothing to suggest that the amendment to R.C. 2903.13 making assaults on law enforcement officers a felony is irreconcilable with the later amendment, which modernizes terminology used in that section." *Id.*

{¶ 36} Additionally, the court stressed that:

This case is particularly illustrative of the illogical results that may flow from treating an "existing sections" repeal in the same manner as an outright repeal. The bills in question passed both houses of the General Assembly within two days of each other. Neither bill was the existing law at the time the other passed the General Assembly, as neither had been approved by the Governor or achieved the requisite period of gubernatorial inactivity to become law. Accordingly, the legislature could not have intended a repeal of that which had not yet become law on a presumption that the Governor would not exercise his veto power. Likewise, it would be equally illogical to presume that two bills, winding through the General Assembly at roughly the same time, passed both houses despite the fact that one did little more than neutralize the other.

*Id.*

{¶ 37} After *Wilson* was decided, the General Assembly passed legislation modernizing legislative printing rules. *See* H.B. 649, 1998 Ohio Laws 194. At that time, R.C. 101.52 (which was cited in *Wilson*) was renumbered as R.C. 101.53, and provided that:

Bills shall be printed in the exact language in which they were passed, under the supervision of the clerk of the house in which they originated. New matter shall be indicated by capitalization and old matter omitted by striking through such matter. Prior capitalization in a Revised Code section shall be indicated by italicized type.

*Id.*

{¶ 38} This amendment was consistent with the decision in *Wilson.* Subsequently, R.C. 101.52 was further amended to provide that: "Bills shall be printed in the exact language in which they were passed, under the supervision of the clerk of the house in which they originated. The legislative service commission, by rule adopted under section 111.15 of the Revised Code, shall direct how new matter shall be indicated." H.B. 495, 2000 Ohio Laws 154, effective May 9, 2000. Consistent with this directive, the LSC has adopted a rule for amending or enacting codified or uncodified statutory sections. *See* Ohio Adm.Code 103-5-01. The rule provides, in pertinent part, that:

(A) "New matter that is to be inserted into an existing codified or uncodified section is indicated by inserting the new matter, underlined, into the section at the appropriate place, in the same form as it is to appear in the resulting law.

(B) Old matter that is to be omitted from an existing codified or uncodified section is indicated by retaining the matter as it appears in the section and striking it through with a horizontal line.

(C) A new codified section that is to be added to the law is indicated

by presenting the section, underlined, in the same form as it is to appear in the resulting law.

**{¶ 39}** This rule is similar to the process in place when *Wilson* was decided but uses underlining rather than capitals to highlight new matter.

**{¶ 40}** Turning now to the April 6, 2023 amendments to R.C. 2953.32, Section 2 of H.B. 343 stated that "existing sections," including "2953.32 of the Revised Code are hereby repealed." As in *Wilson*, this was not an outright repeal, but was an "existing section" repeal. Also like the situation in *Wilson*, S.B. 288 and H.B. 343 were enacted close in time; in fact, they were passed on the same day as opposed to two days apart. Again, like *Wilson*, the "existing statute" being repealed was not yet in effect. Even after the governor signed S.B. 288, it did not become effective until April 4, 2023. The only reason S.B. 288 became effective first is that the governor signed it earlier.

**{¶ 41}** Furthermore, after reviewing the enrolled bill (H.B. 343) at the LSC website, the only new items (underlined terms) involve provisions for notifying victims of the hearing and requiring the court to consider their oral or written statements. *See* https://searchprod.lis.state.oh.us/solarapi/v1/general_assembly_134/bills/hb343/EN/06/ hb343_06_EN?format=pdf (accessed May 6, 2023) (pertaining to R.C. 2953.32(B) and (C)(1)(f)).

**{¶ 42}** Furthermore, the April 6 amendments in H.B. 343 do not include the language inserted by the April 4 amendments, i.e., the language relating to R.C. 2953.32(A)(1) and the convictions that cannot be sealed, including a felony offense of violence. Because this language was not included and was not struck in H.B. 343, it

cannot be considered to have been repealed. Furthermore, the LSC Bill Analysis for H.B. 343 also reveals that the intended purpose of H.B. 343 was "Victim's Rights." LSC Bill Analysis (Dec. 13, 2022), p. 1. In particular, the discussion of sealing and expungement in the bill analysis relates only to this topic. *Id.* at p. 7-8, 29, and 46-47.

{¶ 43} Finally, Section 4 of H.B. 343 says that:

The General Assembly, applying the principle stated in division (B) of section 1.52 of the Revised Code that amendments are to be harmonized if reasonably capable of simultaneous operation, finds that the following sections, presented in this act as composites of the sections as amended by the acts indicated, are the resulting versions of the sections in effect prior to the effective date of the sections as presented in this act:

* * *

Section 2953.32 of the Revised Code as amended by H.B. 1, H.B. 431, and S.B. 10, all of the 133rd General Assembly

{¶ 44} The 133rd General Assembly was in session during 2019-2020, and the statements in Section 4 clearly refer to the bills in that session which amended R.C. 2953.32. *See* Am.Sub.H.B. 1, 2020 Ohio Laws 93 (passed Dec. 22, 2020, and effective April 12, 2021); Sub.H.B. 431, 2020 Ohio Laws 97 (passed Dec. 22, 2020, and effective April 12, 2021); and Am.Sub.S.B. 10, 2020 Ohio Laws 94 (passed December 17, 2020 and effective January 7, 2021). Accordingly, and consistent with *Wilson*, 77 Ohio St.3d at 337, 673 N.E.2d 1347, we conclude that the legislature did not repeal the April 4, 2023 version of R.C. 2953.32 when H.B. 343 became effective. As a result, the April 4, 2023

version in S.B. 288 is the law that should be applied here.

## B. Application of S.B. 288

{¶ 45} As relevant here, R.C. 2953.32(B)(1) as in effect on April 4, 2023, stated that "an eligible offender may apply to the sentencing court if convicted in this state * * * for the sealing * * * of the record of the case that pertains to the conviction, except for convictions listed in division (A) of this section." S.B. 288. Division (A) provided that: "Sections 2953.32 to 2953.34 of the Revised Code do not apply to * * * (2) Convictions of a felony offense of violence that is not a sexually oriented offense." *Id.*

{¶ 46} When S.R.S.'s application was filed in September 2023, R.C. 2901.01(A)(9) defined an "offense of violence," in pertinent part, as follows:

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.18, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1) of section 2903.34, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

* * *

(c) An offense, other than a traffic offense, under an existing or

former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

*Id.* at S.B. 288.

**{¶ 47}** R.C. 2921.331 is not among the listed offenses in R.C. 2901.01(A)(9)(a), so the only issue is whether it is an offense of violence under R.C. 2901.01(A)(9)(c). As a preliminary point, we note that R.C. 2901.01 was enacted in 1988, and the definition of "offense of violence" (as now codified as R.C. 2901.01(A)(9)(c)) has not changed since that time. *Compare* Sub.H.B. 708, 1988 Ohio Laws 203 with the current version, which was effective October 3, 2003 as part of Am.Sub.H.B. 33, 2023 Ohio Laws 8. Thus, "offense of violence" consistently has been defined to mean "[a]n offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons." Obviously, this is the definition in effect at all times relevant to this case, i.e., between 2003 and 2023.

**{¶ 48}** In discussing whether to seal the conviction, the trial court noted that R.C. 2921.331(C)(5)(a)(ii) refers to two categories of conduct: (1) causing a substantial risk of serious physical harm to persons (which is not eligible for sealing); or (2) causing a substantial risk of harm to property (which is eligible for sealing). Seal Judgment at p. 3. In this regard, the court remarked that neither it nor the parties had found any case law applying R.C. 2953.32 to a conviction for felony fleeing. *Id.* at p. 3, fn.1. The court further commented that the State's citations were generally accurate about the effect of a

guilty plea and categorizing an "offense of violence" for purposes of mandatory post-release control. However, the court found these cases only "tangentially helpful" to the "fact-driven" issue in the case before it. *Id.* at p. 3, fn. 2. The court therefore concluded that it had to determine the facts of the underlying offense to decide if the conviction was eligible. *Id.* at p. 3. Then, based on the transcript of the plea hearing and S.R.S.'s testimony at the sealing hearing, the court found the facts at the sealing hearing did not support a conclusion that a substantial risk of physical harm to persons had existed and that the conviction had been an offense of violence under R.C. 2901.01(9). *Id.* at p. 3-4. The court therefore held that the conviction should be sealed.

{¶ 49} Because the issue of whether S.R.S.'s conviction was for an offense of violence is dispositive, we will consider it before addressing the State's claim that the trial court erred in failing to admit evidence. As noted, the definition of "offense of violence" pertains only to offenses that cause physical harm or a substantial risk of serious physical harm. The State does not contend that any physical harm was caused.

{¶ 50} S.R.S. was indicted in February 2003 for having violated R.C. 2921.331(B)(C)(5)(a)(ii). He pled guilty to that charge in March 2003 and was sentenced in May 2003. At all these times, the applicable statute stated, in pertinent part, that:

> (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
>
> (C) * * *

* * *

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

* * *

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

H.B. 29, 1999 Ohio Laws 66, effective October 29, 1999.

{¶ 51} While S.R.S. pled guilty to a third-degree felony, the record does not differentiate between whether his conduct caused a substantial risk of serious physical harm to persons or whether it caused a substantial risk of harm to property. Again, the State failed to file transcripts of any trial court hearings. As a result, we have no idea what was discussed or what facts were stated during the plea or sentencing hearings.

{¶ 52} The only statement in the March 2003 plea agreement was that S.R.S. agreed to enter a plea of guilty to the following offense: "Count 1 - Failure to Comply with Order or Signal of Police Officer - Ohio Revised Code § 2921.331(B)(C)(5)(a)(ii), third degree felony." Plea and Entry at p. 1. When the court originally accepted S.R.S.'s guilty plea in March 2003, it did not make any specific factual findings other than finding S.R.S. guilty of the charge to which he had entered a plea. Id. at p. 4.

{¶ 53} At the time, R.C. 2921.331(C)(5)(b) also provided that if a police officer pursued an offender who was violating subdivision (B) of R.C. 2921.331, the court must consider various factors in deciding the seriousness of the offender's conduct for purposes of sentencing. These factors included matters like the pursuit's duration,

distance and speed, whether the offender failed to stop for traffic signs and signals during the pursuit, the number of moving violations committed, if any, and so on. The trial court did not make any findings on these matters in the sentencing entry, nor did it do anything other than repeat the language that was used in the plea agreement to describe the charge to which S.R.S. had pled. *See* Sentencing Entry at p. 1. Again, the State failed to file transcripts of the plea and sentence hearings, so we have no idea what might have been said on this subject. However, none of this is relevant, nor does it affect the result here.

{¶ 54} Specifically, as indicated, count one of the indictment in this case stated:

[S.R.S.] did recklessly operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop; the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property; a felony of the third degree in violation of the Ohio Revised Code, Title 29, Section 2921.331(B)(C)(5)(a)(ii) and against the peace and dignity of the State of Ohio.

Indictment (Feb. 13, 2003), p. 1.

{¶ 55} In a case that neither party has cited, the Eighth District Court of Appeals extensively considered how to properly apply an offense of violence under R.C. 2901.01(A)(9)(c). *See State v. Cargill*, 2013-Ohio-2689, 991 N.E.2d 121 (8th Dist.). In *Cargill*, the defendant had been charged with failing to comply in violation of R.C. 2921.331(B), and "[t]he indictment contained a furthermore clause specifying that through

the operation of his motor vehicle appellant 'caused a substantial risk of serious physical harm to persons or property.' " *Id.* at ¶ 2. As in the case before us, the indicted offense was a felony of the third degree under R.C. 2921.331(C)(5)(a)(ii). *Id.*

{¶ 56} Under a plea agreement, "the furthermore clause was deleted," and the defendant then "pled guilty to a violation of R.C. 2921.331 and 2921.331(C)(4)," which provided that " 'in committing the offense, the offender was fleeing immediately after the commission of a felony.' " *Id.* at ¶ 3. This was a fourth-degree felony. *Id.* Based on information in the presentence investigation report, however, the trial court found that the defendant had committed an "offense of violence" and sentenced him on that basis, including imposing a 12-month prison sentence and permanently suspending his driver's license. *Id.* at ¶ 4. The defendant then appealed, contending the sentence was contrary to law because the court imposed a prison sentence rather than community control sanctions as required by R.C. 2929.13. *Id.* at ¶ 5.

{¶ 57} In this regard, the defendant's position was that he had not pled guilty to causing physical harm to persons or to causing a substantial risk of harm to persons and that the trial court had engaged in improper fact-finding. In contrast, the State argued that the trial court could impose a prison sentence because the defendant had committed an offense of violence. *Id.* at ¶ 6. The State argued that the court should apply a "categorical approach that considers whether the elements of the offense are of the type that would justify the offense's categorization as an offense of violence without inquiry into the specific conduct of the particular offender at issue. In other words, under the categorical approach, a court must look generally at an offense and decide if it commonly

involves 'physical harm to persons or a risk of serious physical harm to persons.' " *Id.* at ¶ 9.

{¶ 58} The court rejected this theory, noting that while federal courts use a categorical approach, the federal "violent felony definition," unlike Ohio's, did "not contain an extensive list of crimes that must always be treated as violent felonies"; therefore, federal courts had used the categorical approach to fill a void. *Cargill*, 2013-Ohio-2689, 991 N.E.2d 1217, at ¶ 15. The court also noted that Ohio's legislature had already listed over 30 separate crimes as violent offenses under R.C. 2901.01(A)(9). The court stressed that if "the legislature desired any further offenses to categorically constitute offenses of violence without regard to the particular conduct in which an individual engaged, the legislature would have included such offenses amongst the extensive list provided in R.C. 2901.01(A)(9)(a)." *Id.* at ¶ 17.

{¶ 59} On the other hand, the court also rejected the defendant's argument for an "elements-based approach to R.C. 2901.01(A)(9)(c), where a court may only consider whether or not the elements of the underlying offense include 'physical harm to persons or a risk of serious physical harm to persons.' " *Id.* at ¶ 19. The court remarked that "[t]his narrow approach is equally inconsistent with the language of the statute for two reasons. First, the statute does not refer to elements. Secondly, if the legislature desired only to include every offense with an element of 'physical harm to persons or a risk of serious physical harm to persons,' the legislature would not have needed the language of R.C. 2901.01(A)(9)(c), but instead would have simply included such qualifying offenses in R.C. 2901.01(A)(9)(a)." *Id.*

**{¶ 60}** The court then stated: "The application of the statute is clear: if the defendant pleads guilty to an offense that contains an element of physical harm or a risk of serious physical harm, then the crime is an offense of violence. However, if the offense does not include such elements, the crime may still qualify as an offense of violence if the defendant admits or stipulates to the relevant facts in an attached furthermore clause." *Id.* at ¶ 20.

**{¶ 61}** Finally, the court remarked that:

Although we reject the categorical labeling of a violation of R.C. 2921.331(B) as a crime of violence under R.C. 2901.01(A)(9)(c) and appellant's proposed elements-only test, it must be recognized that a violation of R.C. 2921.331 could constitute a crime of violence depending upon the admitted facts of the plea. However, this is not a factual finding that a trial court is free to make at sentencing. Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi* [*v. New Jersey*], 530 U.S. [466] at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435; *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). "The 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely* at 303, 124 S.Ct. 2531, 159 L.Ed.2d 403.

In the present case, appellant was initially charged with a violation of

R.C. 2921.331 with a furthermore clause that "the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." *See* R.C. 2921.331(C)(5)(a)(ii*). Had appellant pled guilty to the offense as indicted, it would have qualified as an offense of violence.* However, pursuant to the plea agreement, the furthermore clause was deleted and appellant pled to a violation of R.C. 2921.331 and 2921.331(C)(4), which provides that, "in committing the offense, the offender was fleeing immediately after the commission of a felony." The crime to which appellant pled guilty was a felony of the fourth degree and, in this case, a legal fiction as there was nothing to support that appellant had committed a felony. *See* R.C. 2921.331(C)(4).

Pursuant to *Blakely* and *Apprendi,* the trial court was barred from engaging in judicial fact finding to determine that appellant's conduct in this instance qualified as an offense of violence because such a factual finding increased the penalty for the crime to which appellant pled guilty beyond the prescribed statutory maximum. Without this factual finding, the maximum sentence the trial court could have imposed solely on the basis of the facts admitted by appellant was a community control sanction pursuant to R.C. 2929.13(B)(1)(a).

(Emphasis added.) *Cargill*, 2013-Ohio-2689, 991 N.E.2d 1217, at ¶ 21-23. The court vacated the sentence and remanded the case for resentencing. *Id.* at ¶ 25.

{¶ 62} While *Cargill* did not involve R.C. 2953.32, that fact is irrelevant, because

the reasoning still applies. The pertinent question here does not specifically concern R.C. 2953.32; instead, it involves whether a violation of R.C. 2921.331(B) and (C)(5)(a)(ii) is properly classified as an "offense of violence" under R.C. 2901.01(A)(9)(c). Based on the discussion in *Cargill,* the conviction here must be classified as such because of the crime to which S.R.S. *pled.* Unlike the defendant in *Cargill*, S.R.S. pled guilty to the charge as specified in the indictment, and nothing was deleted due to the plea agreement.

{¶ 63} The law is well-established that " '[a] guilty plea admits the facts set forth in the indictment, not the facts set forth at the plea hearing.' " *State v. Riddle*, 2017-Ohio-1199, 88 N.E.3d 475, ¶ 34 (2d Dist.), quoting *State v. Greathouse*, 158 Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502, ¶ 8 (2d Dist.). "Pleading guilty is 'an admission of every material fact well pleaded in the indictment, dispensing with the necessity of proving them, and authorizing the court to proceed to judgment.' " *Id.*, quoting *Greathouse* at ¶ 7. As applied here, S.R.S. did not plead guilty only to causing a substantial risk of harm to property; he also pled guilty to causing a substantial risk of harm to persons. If a distinction existed, language from the indictment could have been deleted. S.R.S.'s conviction, therefore, must be classified as an offense of violence. That classification precludes his conviction from being sealed as a matter of law.

{¶ 64} In light of the above discussion, the trial court erred in separating the clauses in R.C. 2921.331(C)(5)(a)(ii) into two forms of conduct, since S.R.S.'s guilty plea and plea agreement made no such distinction. The court also erred in concluding that it must consider the conduct at the time of the crime. This information was irrelevant at that point. Accordingly, the State's second assignment of error is sustained.

{¶ 65} As noted, the first assignment of error deals with the court's rejection of State's Ex. 2 (the narrative report) as hearsay. Because the judgment is being reversed on a matter of law, we need not consider the first assignment of error, and it is overruled.

{¶ 66} Finally, we note S.R.S.'s argument that the State's objections were untimely. S.R.S. failed to mention, however, that the State asked for and received a continuance from the trial court. We find nothing in the relevant statutes prohibiting the court from granting a continuance. More importantly, if the conviction in question was an offense of violence, the trial court could not properly have sealed it even if the State failed to object.

III. Conclusion

{¶ 67} The State's second assignment of error having been sustained, and the first assignment of error having been overruled as moot, the judgment of the trial court is reversed.

. . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.